[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION TO STRIKE SECOND AMENDED REVISED COMPLAINT
In this action, the court, Silbert, J., granted defendant's Motion to Strike. Subsequently, plaintiff filed a motion to reargue. It is difficult to reconstruct subsequent actions by the court. The following clerk's notation appears on the pleading granting the Motion to Strike (Silbert, J.):
6-13-96 (Silbert. J.)
 Motion to Strike originally GRANTED on 4-24-96 was stayed pending court's hearing of plaintiff's Motion to Reargue. Plaintiff has agreed to Amend Complaint time period to amend should run from today (6-13).
Thus, it appears that the motion to reargue was not heard on June 13, 1997. Plaintiff seems to have tacitly agreed that a new complaint would be necessary to overcome the rationale of the decision on the Motion to Strike.
On June 20, 1997, plaintiff filed an "amended revised complaint." This was followed by plaintiff's request to revise. A CT Page 6710 defendants' objection to the request to revise was partially overruled by order dated December 20, 1996 (DiPentima, J.), and plaintiff filed a "second amended revised complaint" on January 13, 1997. On April 25, 1997, part of defendants filed a Motion to Strike the complaint of January 13, 1997 (dated January 10, 1997). All objections to requests to revise the complaint of January 13 were sustained on July 31, 1997 (DiPentima, J.). Defendant Town of Windham filed a Motion to Strike on August 15, 1997.
In summary, plaintiff has filed several new complaints in an attempt to distinguish this action from one which would fall within the ambit of the decision on the Motion to Strike issued by Judge Silbert. The basis for plaintiff's claim is that Judge Silbert did not address the "substantive due process claims raised in the Revised Complaint."[1] If plaintiff were confident that a substantive due process claim was raised in the complaint stricken by Judge Silbert, it appears to this court that it would not have been necessary to revise the complaint. In foregoing the motion to reargue and repleading twice thereafter, plaintiff seems to have accepted the original decision based on the pleadings at the time of the decision. Plaintiff did succeed, however, in having the decision on the motion to strike stayed, pending attempts to state a claim.
The present issue before this court is whether plaintiffs attempts to state a "substantive due process claim" mandates a different decision than that which has been stayed. The court finds that Judge Silbert's decision remains applicable to the second amended revised complaint. Despite plaintiff's efforts to paint a different picture than that of the original complaint, the essential action is unaltered-one count claiming an unconstitutional "taking" of property without just compensation. As such, the Williamson doctrine is fully applicable.
Accordingly, the stay is terminated as to the original decision, and said decision is hereby incorporated[2] to apply to the Second Amended Revised Complaint. The motion to strike the second amended revised complaint is hereby granted.
Dunnell, J.